IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:18-cv-

KAREN NESJAN and TORMOD MARC NESJAN aka MARC NESJAN,

    Plaintiffs,

v.

ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY,

    Defendant.

## NOTICE OF REMOVAL

The Defendant, Allstate Fire and Casualty Insurance Company ("Allstate"), through its attorneys, Tucker Holmes, P.C., pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby submits the following Notice of Removal to the United States District Court for the District of Colorado. In support thereof, Allstate states as follows:

1. On May 24, 2018, the CT Corporation, as registered agent for Allstate, was served with Plaintiff's Complaint filed in the District Court, Boulder County, State of Colorado, captioned, *Karen Nesjan and Tormod Marc Nesjan (a/k/a) Marc Nesjan v. Allstate Fire and Casualty Insurance*, case number 2018CV30271. (See, *Complaint*, attached hereto as **Exhibit A**.)

2. Plaintiffs, Karen Nesjan and Marc Nesjan (hereinafter, collectively, the "Nesjans"), filed their Complaint in Boulder County District Court on or about March 23, 2018.

3. At all relevant times, the Nesjans were citizens of the State of Colorado. (See **Exhibit A**, ¶ 11.)

4. A copy of the Summons and Civil Case Cover Sheet served on Allstate are attached hereto as **Exhibit B** and **Exhibit C**.

5. The Nesjans filed their Amended Complaint on May 25, 2018. **Exhibit D**.

6. The Amended Complaint was served on May 29, 2018.

7. At all relevant times, Allstate was a foreign corporation, incorporated in, and with its principal place of business in the State of Illinois. Allstate is now and was at all relevant times a citizen of the State of Illinois for purposes of diversity jurisdiction.

8. The underlying event for this case is a motor vehicle accident involving the Nesjans on April 3, 2015. (See **Exhibit D,** ¶ 2; hereinafter "the Accident").

9. The Nesjans claim they are entitled to have their vehicle totaled as opposed to repaired. (See, **Exhibit D**, ¶¶ 5-9)

10. Karen Nesjan also claims she is entitled to be compensated for damages she has incurred from her bodily injury. (See, **Exhibit D**, ¶ 59).

11. Karen Nesjan claims she is entitled to $100,000 in UIM benefits. (See, **Exhibit D**, ¶ 58).

12. The defendant must establish the amount in controversy by a preponderance of the evidence. *WBS Connect, LLC v. One Step Consulting, Inc*. L 4268971, 2 -3 (D.Colo. 2007). Defendants must set forth in the notice of removal the underlying facts that demonstrate that the amount in controversy is greater than $75,000. *Laughlin v. Kmart Corp.,* 50 F.3d 871, 873 (10th Cir. 1995).

13. Besides the Complaint, there is other documentation a defendant may rely on for the basis of jurisdiction. *McPhail v. Deere & Co.,* 529 F.3d 947, 956 (10th Cir. 2008). A plaintiff's proposed settlement demand is reasonable evidence of the amount in controversy if it reflects a reasonable estimate of plaintiff's claim. *Id.* While the use of a settlement demand at trial is impermissible, the court may consider such a demand when deciding this jurisdictional question. *Id.*

14. On March 20, 2018, Karen Nesjan made a demand to Allstate, indicating she had damages of $64,195.51 and requesting an offer that compensated her "for her damages, pain and suffering and permanent physical impairment." (See, **Exhibit E**, March 20, 2018 Demand Letter.)

15. The Nesjan's Allstate Policy has UIM limits of $100,000 per person/$300,000 per accident.

16. The Nesjan's and Allstate do not agree on the value of Ms. Nesjan's claim for UIM benefits. The parties also do not agree regarding the damages to the Nesjans' vehicle.

17. In the Amended Complaint, in addition to the claimed injuries and damages set forth above, the Nesjans also seeks expert witness fees and the expenses incurred in investigation and discovery required to present Plaintiffs' claims, attorney fees and interest from the time of the occurrence, and post-judgment interest at the requisite rate. (See, **Exhibit D**, "Wherefore Clause," pp. 9-10.)

18. Pursuant to the Colorado Court of Appeals case, *Hansen v. American Family Mut. Ins. Co.*, *Hansen v. Am. Fam. Mut. Ins. Co.*, 383 P.3d 28 (Colo. App. 2013), *rev'd on other grounds,* 375 P.3d 115 (Colo. 2016), if Ms. Nesjan proves herdamages are equal to or exceed the

$100,000 policy limits for UIM coverage, and those benefits were unreasonably delayed and denied, she is entitled to collect the policy limits of $100,000, plus two times the covered benefit, equaling a total of $300,000. Thus, pursuant to C.R.S. §§ 10-3-1115 and 10-3-1116, Ms. Nesjan's allegation that Defendant has delayed or denied the payment of benefits without a reasonable basis meets the jurisdiction threshold on its own.

19. Attorney's fees may be used in calculating the necessary jurisdiction amount in a removal proceeding when recovery is permitted by statute. *See*, *Jones v. American Bankers Ins. Co. of Florida*, 2011 WL 2493748, *4 (D.Colo. 2011).

20. Plaintiffs' Civil Case Cover Sheet also indicates their claim seeks a monetary judgment for more than $100,000.00 against another party, including any attorney fees, penalties or punitive damages, but excluding interest and costs. (See, **Exhibit C**, District Court Civil Case Cover Sheet.) The Tenth Circuit has held that the District Court Civil Case Cover Sheet is sufficient to give notice that the amount in controversy exceeds $75,000. *Paros Properties LLC v. Colorado Cas. Ins. Co.*, No. 15-1369, 2016 WL 4502286, at *6 (10th Cir. Aug. 29, 2016) ("There is no ambiguity in the cover sheet. And we see no reason not to credit an assertion by an officer of the court on a matter of significant consequence in the state proceeding (whether or not simplified procedures will apply)."

21. Once the facts have been established, uncertainty about whether the plaintiff can prove its substantive claim, and whether damages (if the plaintiff prevails on the merits) will exceed the threshold, does not justify dismissal. Only if it is 'legally certain' that the recovery (from plaintiff's perspective) or cost of complying with the judgment (from defendants) will be less than the jurisdictional floor, may the case be dismissed. *McPhail v. Deere & Co.*, 529 F.3d

947, 955 (10th Cir. 2008) (quoting *Meridian Security Ins. Co. v. Sadowski*, 441 F.3d 536, 540-43 (7th Cir. 2006)).

22. Pursuant to 28 U.S.C. § 1332, this Court "shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest, and is between citizens of different states."

23. Further, 28 U.S.C. § 1332(c)(1) provides that "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the state where it has its principal place of business . . . ."

24. Jurisdiction of this Court is properly based on diversity of citizenship pursuant to 28 U.S.C. § 1332.

25. Since Plaintiff's Complaint was served on May 24, 2018, the time period for allowance of removal has not expired.

26. Defendant's Answer to Plaintiff's Complaint is attached hereto as **Exhibit F**.

**WHEREFORE**, Defendant requests that the above-entitled action be removed from the Boulder County District Court to the United States District Court of Colorado.

DATED: June 14, 2018

                Respectfully submitted,

By: *s/ Kurt H. Henkel*
     Kurt H. Henkel
     Winslow R. Taylor, III
     TUCKER HOLMES, P.C.
     Quebec Centre II, Suite 300
     7400 East Caley Avenue
     Centennial, CO  80111-6714
     Phone:  (303) 694-9300

Fax:  (303) 694-9370
E-mail: khh@tucker-holmes.com; wrt@tucker-holmes.com
*Attorneys for Allstate Fire & Casualty Insurance*

-7-

## CERTIFICATE OF SERVICE

      I hereby certify that on June 14, 2018, I electronically filed the foregoing NOTICE OF REMOVAL with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Rebecca B. Albano
Law Office of Rebecca Albano, P.C.
Schlier Mansion
1665 Grant Street
Denver, CO  80203

                                           *The duly signed original held in the file located at Tucker Holmes, P.C.*

                                            */s/ Kurt H. Henkel*
                                            Kurt H. Henkel