| | |
|---|---|
| **BOULDER COUNTY DISTRICT COURT, COLORADO**<br><br>1777 6th Street<br>Boulder, CO 80302 | DATE FILED: March 23, 2018 7:13 PM<br>FILING ID: 8EDA5B27B6F79<br>CASE NUMBER: 2018CV30271 |
| **Plaintiffs(s):** KAREN NESJAN, TORMOD MARC NESJAN (a/k/a) Marc Nesjan<br><br>v.<br><br>**Defendant**: ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY | ▲ Court Use Only ▲ |
| *Attorneys for Plaintiffs*:<br><br>Rebecca B. Albano, Esq., #38044<br>Law Office of Rebecca Albano, LLC<br>1665 Grant Street<br>Third Floor<br>Denver CO 80203<br>Telephone: (303) 815-1592<br>Facsimile: (303) 815-1593 | Case No.:<br><br>Div: Ctrm:<br>This case is NOT subject to the simplified procedure for court actions under Rule 16.1 because:<br><br>X Claims against any party exceed $100,000.00 [see C.R.C.P. 16.1(b)(2) and (c) |
| **COMPLAINT** ||

COME NOW Plaintiffs, Karen and Marc Nesjan, by and through their attorneys, the Law Office of Rebecca Albano, LLC and bring this Complaint against Defendant, Allstate Fire and Casualty Insurance Company. As grounds therefore, Plaintiffs state and allege the following:

## INTRODUCTION

1. Plaintiffs, Karen and Marc Nesjan (hereinafter collectively "Plaintiffs"), (hereinafter "Plaintiff Karen" and "Plaintiff Marc" separately) seek damages arising from the breach of contract, bad faith breach of contract, and violation of C.R.S. § 10-3-1115 and 10-3-1116(1) by Defendant, Allstate Fire and Casualty Insurance Company, hereinafter "Defendant Allstate."

1

EXHIBIT A

2. On April 3, 2015, Plaintiffs' 2012 Lincoln MKX vehicle, jointly titled was damaged in a T-bone automobile collision.

3. At the time of the collision, Plaintiffs 2012 Lincoln MKX was insured pursuant to property damage and collision coverage with Defendant Allstate, policy number 976 889 634

4. The subject Policy, provided for collision and comprehensive coverage.

5. Following the initial collision, Defendant Allstate paid for the subject vehicle to be fixed and evaluated.

6. Following the initial collision, after independent evaluation, it became clear that the Plaintiffs' vehicle was not fixed and should be totaled.

7. Thereafter, it became clear that due to continuing issues, likely triggered by the collision, but unknown to Plaintiffs at the time of repair, the subject Lincoln MKX should be totaled.

8. Thereafter, Plaintiff approached Defendant regarding the total loss, who failed to accept independent evaluation and communicate to Plaintiff.

9. Thereafter, Defendant Allstate failed to provide payment for the full value of the vehicle and failed to accept independent evaluation. Defendant failed to pay for evaluation or tow.

10. Plaintiffs bring the current action due to the actions of Defendant Allstate and due to the unsafe nature of their vehicle.

## PERSONAL JURISDICTION

11. Pursuant to C.R.S. § 13-1-124(a) & (d) (West 2017), this Court has personal jurisdiction over the parties to this action as Defendant transacted business within the State of Colorado by contracting to insure Plaintiffs, whose address is located in the State of Colorado.

## SUBJECT MATTER JURISDICTION

12. Pursuant to C.R.S.A. Const. Art. 6 § 9 (West 2017), this Court has subject matter jurisdiction over this action because it involves a civil matter (including, among other things, breach of contract), and the amount is controversy exceeds $15,000.

## VENUE

13. Pursuant to C.R.C.P. 98(c)(3)(B)(iii) (West 2017), venue is proper in Boulder County District Court because Defendants conduct business in Boulder County.

## GENERAL ALLEGATIONS

14.     At the time that the Policy was entered into with Defendant, Karen and Marc Nesjan were residents of the State of Colorado.

15.     At the time of the collision, the policy covering the 2012 Lincoln MKX was underwritten in the State of Colorado, and was subject to the laws of the State of Colorado.

16.     At all times relevant, Defendant was a foreign corporation, which conducted business in the State of Colorado.

17.     At all times relevant, Defendant was an insurance company licensed to write automobile insurance in the State of Colorado.

18.     On April 3, 2015, Plaintiffs' 2012 MKX was T-boned.

19.     At that time and place, Plaintiffs' MKX was severely damaged.

20.     At the time of the subject collision, Plaintiffs' vehicle was covered by property damage coverage with policy 976 889 634 including collision and comprehensive coverage.

21.     At the time of the collision and thereafter, all premiums due on the Policy had been paid by Plaintiffs.

22.     Plaintiffs are entitled to recover these property damage benefits due under the policy.

23.     Colorado law provides that Defendant should pay for coverages contracted for, wherein damages support the payment thereof.

24.     Plaintiffs' vehicle has been found to be unsafe as a result of the subject collision.

25.     Plaintiffs' vehicle is currently not drivable.

26.     Defendant is legally obligated to appropriately evaluate property damage claims.

27.     Defendant is legally obligated to pay all benefits for which Plaintiffs are eligible.

28.     Defendant has not appropriately evaluated and paid Plaintiffs' property damage claim and total loss.

29.     Defendant has failed to adequately compensate Plaintiffs for the loss of their vehicle.

## FIRST CLAIM FOR RELIEF
### (Breach of Contract)

30.     Plaintiffs incorporate the above and below paragraphs herein by reference.

31.     At the time of the collision, Plaintiffs were covered by a contract of insurance by Defendant.

32.     Specifically, Plaintiffs were insured by Defendant at the time and place of the subject collision, pursuant to the Policy.

33.     With respect to the subject April 3, 2015 collision, Plaintiffs contracted for property damage coverage from Defendant, including collision and comprehensive coverage.

34.     Accordingly, Plaintiffs are entitled to receive the coverage from Defendant for which they are eligible with respect to the damages, and losses sustained by the vehicle in the collision.

35.     Defendant owes Plaintiffs a duty to pay necessary coverage for which Plaintiffs are eligible, as Plaintiffs are first-party insureds.

36.     C.R.S. § 10-3-1104(1)(h) (West 2017) lists conduct that is deemed to be indicative of unreasonable conduct by a first-party insurer.

37.     Pursuant to C.R.S. § 10-3-1104(1)(h), Defendant willfully acted unreasonably in the following ways:

   a. Refusing to pay claims without conducting a reasonable investigation based upon all available information;
   b. Not attempting in good faith to effectuate prompt, fair, and equitable settlements of claims in which liability has become reasonably clear;
   c. Failing to promptly settle claims, where liability has become reasonably clear, under one portion of the insurance policy coverage in order to influence settlements under other portions of the insurance policy coverage;
   d. Failing to promptly provide a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for the offer of a compromise settlement; and
   e. Failing to adopt and implement reasonable standards for the prompt resolution of claims.

38.     Defendant breached its contract by failing to pay the property damage benefits for which Plaintiffs is eligible, relating to the total loss of their vehicle.  Defendant failed to effectuate a prompt, fair and equitable settlement of the total loss.  Defendant also failed to provide a reasonable explanation for the delay in communication related thereto.

39.     As a direct consequence of Defendant's breach of contractual duties to its insured, Plaintiffs suffered injuries, damages, and losses for which Defendant is legally liable, including, but not limited to, additional litigation costs, stress, loss of time and other vehicle expenses.

## SECOND CLAIM FOR RELIEF
### (Bad Faith Breach of Contract)

40.     Plaintiffs incorporate the above and below paragraphs herein by reference.

41.     At the time of the April 3, 2015 collision, Plaintiffs were insured by a contract of insurance underwritten by Defendant.

42.     Pursuant to the Policy, Plaintiffs were entitled to the payment of auto collision and comprehensive insurance, at the actual cash value, as well as towing and labor costs.

43.     Defendant is obligated to pay sums an insured person is legally entitled to recover from that coverage.

44.     Defendant failed to pay the actual cash value of the total value of the vehicle.

45.     Defendant knew its failure to reasonably evaluate and pay Plaintiffs amounts to which they were entitled to be unreasonable.

46.     Defendant recklessly disregarded the fact that its failure to reasonably evaluate and pay Plaintiffs was unreasonable.

47.     C.R.S. § 10-3-1104(1)(h) (2017) lists conduct that is deemed to be indicative of unreasonable conduct by a first-party insurer.

48.     Under C.R.S. § 10-3-1104(1)(h), Defendant willfully acted unreasonably in the following ways:

   a.     Refusing to pay claims without conducting a reasonable investigation based upon all available information;

   b.     Not attempting in good faith to effectuate prompt, fair, and equitable settlements of claims in which liability has become reasonably clear;

    c.    Failing to promptly settle claims, where liability has become reasonably clear, under one portion of the insurance policy coverage in order to influence settlements under other portions of the insurance policy coverage;

    d.    Failing to promptly provide a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for denial of a claim or for the offer of a compromise settlement; and

    e.    Failing to adopt and implement reasonable standards for the prompt resolution of claims.

49. Defendant has acted in bad faith and has breached its contract and has engaged in a pattern and practice of failing to pay benefits for which Plaintiffs are eligible.

50. Defendant has also acted in bad faith and has breached its contract by attempting to render the collision and comprehensive coverage moot.

51. As a direct consequence of Defendant's breach of duty to its insured, Plaintiffs have suffered injuries, damages, and losses for which Defendant is legally liable, including, but not limited to, additional litigation costs and emotional distress.

## THIRD CLAIM FOR RELIEF
### (Violation of C.R.S. § 10-3-1115 and 10-3-1116(1))

52. Plaintiffs incorporate the above and below paragraphs herein by reference.

53. Defendant has failed to provide an evaluation of the total loss of the Lincoln MKX vehicle.

54. Defendant has continued to unreasonably delay payment of Plaintiffs' claim for total loss. Defendant has failed to provide a reasonable basis for the delay in payment.

55. As set forth in C.R.S. § 10-3-1116(1) (West 2017), Plaintiffs are entitled to recover reasonable attorney fees and two times the covered benefit (in addition to the benefit itself).

    WHEREFORE, Plaintiffs respectfully request that this Honorable Court enter judgment for them and against Defendant in an amount to fairly and reasonably compensate Plaintiffs for their damages, and losses as set forth above including, but not limited to, economic damages, non-economic damages, litigation costs, emotional distress, statutory interest pursuant to Colorado law, and for such other relief as this Court deems just and proper, and/or Plaintiffs prays for the following relief:

    (a)    For an amount which will reasonably compensate Plaintiffs for the total loss of their vehicle as required by contract;

    (b)    For an amount which will reasonably compensate Plaintiffs for auto-related expenses caused by the delay in paying;

    (c)    For an amount which will reasonably compensate Plaintiffs for stress and inconvenience related thereto;

    (d)    For interest as provided by Statute from the date of the collision which forms the basis of the complaint to the date of verdict or judgment, and for costs and fees incurred in the prosecution of the matter and for any other and further relief as the Court may deem just and proper.

Respectfully submitted this 23rd day of March 2018.

        LAW OFFICE OF REBECCA ALBANO, LLC
*This pleading was filed electronically pursuant to Rule 121, § 1-26. The original signed pleading is in counsel's file.*

*/s/ Rebecca B. Albano*
Rebecca B. Albano, Esq., Atty. No. 38044
Law Office of Rebecca Albano, LLC
1665 Grant Street, 3rd Floor
Denver, CO  80203
Ph:  (303) 815-1592
Fax: (303) 815-1593
*ATTORNEY FOR PLAINTIFFS*

Plaintiffs' address:
5425 Sunshade Pt.
Colorado Springs, CO 80923