IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
U.S. Magistrate Judge S. Kato Crews

Civil Action No. 1:18-cv-01489-PAB-SKC

KAREN NESJAN, and
TORMOD MARC NESJAN, *a/k/a Marc Nesjan*,

    Plaintiffs,

v.

ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY,

    Defendant.

**ORDER GRANTING DEFENDANT'S MOTION FOR LEAVE TO AMEND [#46]**

This Order addresses Defendant Allstate Fire and Casualty Insurance Company's ("Allstate") Motion for Leave to Amend Answer to Add Affirmative Defense ("Motion") [#46].[1] Chief Judge Brimmer referred the motion to this Court. [#47.] The Court has reviewed the Motion, all related briefing, the entire docket, and applicable law. No hearing is necessary. For the following reasons, the Court GRANTS the Motion.

**A. BACKGROUND**

On April 3, 2015, a T-bone collision damaged Plaintiffs' vehicle. Allstate insured the vehicle under a policy of insurance that provided property damage and collision coverage, and Uninsured Motorist ("UIM") coverage. It ultimately paid for the necessary repairs. Subsequently, Mr. Nesjan complained to Allstate that the vehicle continued to

---

[1] The Court uses "[# __ ]" to refer to docket entries in CM/ECF.

1

function improperly due to the accident, to include: the tailgate opening on its own; the doors locking and unlocking on their own; and the vehicle's alarm going off at random. So, Allstate authorized Mr. Nesjan to take the vehicle to a mechanic of his choice for an inspection. Neither the mechanic nor various technicians who later inspected the vehicle could identify any mechanical or technical problems; nor could they replicate the malfunctions Mr. Nesjan claimed.[2]

Plaintiffs then brought this case asserting breach of contract, bad faith, and statutory claims.[3] During discovery, Allstate retained an expert, Dr. Robert Butler ("Dr. Butler"), to inspect the vehicle. And on August 2, 2019, Dr. Butler issued his report. [*See* #46-1 ("Butler Report").] Dr. Butler found that every time "the vehicle's hatch opened or closed, its alarm went off . . ., or its doors unlocked, a corresponding remote RF signal command was recorded at the FCC-restricted frequency range that originated from a nearby location." [*Id.* at p. 14.] He further opined that the vehicle "only experienced anomalies . . . while Mr. Nesjan was present" as a result of a signal received from the vehicle's key fob. [*See id.* at p. 15.] He concluded that "[i]nspection results and data from the subject vehicle testing supports the hypothesis that Mr. Nesjan has a second operational key fob and it is being used to manually make the rear hatch open or close or trigger the vehicle's alarm." [*Id.*]

---

[2] On one occasion, technicians "suspected there may be a problem with the wiring harness. Allstate agreed to pay to replace the wiring harness to see if that would correct the alleged problems. A few weeks later," Plaintiffs complained of additional malfunctions with the vehicle. [#46 at pp. 2-3.] The vehicle was taken for evaluation for the final time, and no issues were identified by technicians. [*Id.*]

[3] On August 2, 2019, the Parties stipulated to the dismissal of Claims Four, Five, and Six (collectively, the "UIM Claims"). [*See* #36.]

Once armed with the Butler Report, Allstate filed the Motion and now seeks leave to amend its Answer to assert fraud as an affirmative defense.[4]

### B. LEGAL STANDARD

Courts apply a two-step analysis to determine whether a party may amend their pleading after the deadline to amend. First, the moving party must demonstrate good cause pursuant to Rule 16(b). *See Gorsuch, Ltd., B.C. v. Wells Fargo Nat. Bank Ass'n*, 771 F.3d 1230, 1241 (10th Cir. 2014). Second, the court weighs whether the amendment should be allowed pursuant to Rule 15(a). *Id.* at 1242.

**1.    Good Cause Under Rule 16(b)**

Rule 16(b) provides that a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "In practice, this standard requires the movant to show that the 'scheduling deadlines cannot be met despite [the movant's] diligent efforts.'" *Gorsuch*, 771 F.3d at 1240 (citing *Pumpco, Inc. v. Schenker Int'l, Inc.*, 204 F.R.D. 667, 668 (D. Colo. 2001)). "Rule 16(b) does not focus on the bad faith of the movant, or the prejudice to the opposing party." *Colo. Visionary Acad. v. Medtronic, Inc.*, 194 F.R.D. 684, 687 (D. Colo. 2000). Rather, a movant must "show that it has been

---

[4] A review of the proposed Amended Answer reveals that Allstate also seeks to amend its Answer to assert a statute of limitations defense and plead additional details on the total loss provision of the insurance policy, though not discussed in the Motion or Allstate's Reply. [#46-3 at p. 13.] As such, the Court does not view this Motion as requesting leave to amend the answer for anything outside of the affirmative defense of fraud. Thus, this Order only concerns amendment for purposes of asserting the affirmative defense of fraud. Even if the Court did consider the Motion to encompass these additional amendments, the Court has serious concerns about whether there is sufficient excusable neglect under Rule 6, and their timeliness under the Rule 15(a) analyses to warrant granting leave to make said amendments. *See infra.,* Section C.

diligent in attempting to meet the deadlines, which means it must provide an adequate explanation for any delay." *Minter v. Prime Equip Co.*, 451 F.3d 1196, 1205 n.4 (10th Cir. 2006). This "requirement may be satisfied, for example, if a [movant] learns new information through discovery or if the underlying law has changed." *Gorsuch*, 771 F.3d at 1240 (citing *Pumpco, Inc.*, 204 F.R.D. at 668-69). Conversely, amendments are barred if the movant "knew of the underlying conduct but simply failed to raise . . . the claims." *Id.* (citing *Minter*, 451 F.3d at 1206).

### 2. Amendment of Pleadings under Rule 15(a)

Rule 15(a) provides that leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Courts have described the standard under Rule 15(a) as "more lenient" than that under Rule 16(b). *Pumpco*, 204 F.R.D. at 668. Generally, refusing leave to amend is only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment. *Id.*; *Frank v. U.S. West, Inc.,* 3 F.3d 1357, 1365 (10th Cir.1993). Whether to allow amendment is within the trial court's discretion. *Burks v. Oklahoma Publ'g Co.,* 81 F.3d 975, 978–79 (10th Cir. 1996).

### C. ANALYSIS

Allstate is seeking leave to amend after the October 1, 2018 deadline for joinder and amendment of pleadings. [#20 at p. 14.] Accordingly, even before considering Rules 15(a) and 16(b), the Court must first consider Rule 6, which requires a showing or finding of excusable neglect where, as here, a party seeks relief after an applicable deadline has expired. Fed. R. Civ. P. 6(b).

4

A finding of excusable neglect under Rule 6(b) requires both a demonstration of good faith by the party seeking the enlargement and a finding that there was a reasonable basis for not complying within the specified period. *See In re Four Seasons Securities Laws Litigation,* 493 F.2d 1288, 1290–91 (10th Cir.1974) (finding no error in enlarging time under Rule 6(b) in the absence of any showing of bad faith or prejudice). As the Tenth Circuit has explained:

> To determine whether the neglect is "excusable," the court must take account of all relevant circumstances surrounding the party's omission, including "the danger of prejudice to the [non-moving party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." . . . Control over the circumstances of the delay is "the most important single . . . factor . . . in determining whether neglect is excusable."

*Stringfellow v. Brown*, 1997 WL 8856 at * 1 (10th Cir. Jan 10, 1997) (internal citations omitted). Excusable neglect is a higher standard than the good cause required to modify a scheduling order under Rule 16(b)(4).

No party directly addressed excusable neglect in their pleadings. But Allstate does argue good cause and offers a reasonable basis for its failure to seek to amend its pleading before the applicable deadline. Allstate argues it was not aware it had a fraud defense until it received the Butler Report, which it received after the applicable deadline. [#46 at p. 6.] Although Allstate suspected fraud after the numerous vehicle inspections, it took the prudent course and hired an expert to determine and verify the facts before seeking to put fraud on the table. This was sound from a Rule 11 standpoint and when considering the heightened pleading standard for fraud claims under Rule 9(b). Because

5

this new information is an intervening circumstance beyond Allstate's control, the Court finds Allstate's neglect to seek this amendment sooner is excusable.

### 1. Good Cause Under Rule 16(b)

For the reasons stated above, the Court finds good cause under Rule 16(b) to modify the Scheduling Order to allow amendment of the Answer to assert an affirmative defense of fraud.

Plaintiffs take issue with when Allstate became aware of the facts underlying its fraud defense and waiting "many weeks" before filing for the subject relief. [*Id.*] "In the Tenth Circuit, untimeliness alone is an adequate reason to refuse leave to amend." *Duncan v. Manager, Dep't of Safety*, 397 F.3d 1300, 1315 (10th Cir.2005). The important inquiry is not simply whether Defendant has delayed, but whether such delay is undue. *Minter*, 451 F.3d at 1206. Delay is undue "when the party filing the motion has no adequate explanation for the delay," *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365–66 (10th Cir. 1993), or when "the party seeking amendment knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint." *Las Vegas Ice & Cold Storage Co. v. Far West Bank*, 893 F.2d 1182, 1185 (10th Cir.1990) (citation omitted). In this analysis, the Court considers whether the proposed amendment was based on new evidence that was unavailable at the time of the original pleading. *Stanerson v. Colo. Blvd. Motors, Inc.*, No. 06–0856, 2006 U.S. Dist. LEXIS 80124 (D. Colo. Nov. 2, 2006).

The Parties agree that the fraud defense is asserted based on the findings in the Butler Report. [#46 at p. 6; #50 at p. 3.] The Butler Report was completed and given to

this new information is an intervening circumstance beyond Allstate's control, the Court finds Allstate's neglect to seek this amendment sooner is excusable.

### 1. Good Cause Under Rule 16(b)

For the reasons stated above, the Court finds good cause under Rule 16(b) to modify the Scheduling Order to allow amendment of the Answer to assert an affirmative defense of fraud.

Plaintiffs take issue with when Allstate became aware of the facts underlying its fraud defense and waiting "many weeks" before filing for the subject relief. [*Id.*] "In the Tenth Circuit, untimeliness alone is an adequate reason to refuse leave to amend." *Duncan v. Manager, Dep't of Safety*, 397 F.3d 1300, 1315 (10th Cir.2005). The important inquiry is not simply whether Defendant has delayed, but whether such delay is undue. *Minter*, 451 F.3d at 1206. Delay is undue "when the party filing the motion has no adequate explanation for the delay," *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365–66 (10th Cir. 1993), or when "the party seeking amendment knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint." *Las Vegas Ice & Cold Storage Co. v. Far West Bank*, 893 F.2d 1182, 1185 (10th Cir.1990) (citation omitted). In this analysis, the Court considers whether the proposed amendment was based on new evidence that was unavailable at the time of the original pleading. *Stanerson v. Colo. Blvd. Motors, Inc.*, No. 06–0856, 2006 U.S. Dist. LEXIS 80124 (D. Colo. Nov. 2, 2006).

The Parties agree that the fraud defense is asserted based on the findings in the Butler Report. [#46 at p. 6; #50 at p. 3.] The Butler Report was completed and given to

Allstate on or about August 2, 2019.[5] [#46-1 at p 2.] Forty days later, it filed the Motion and proposed Amended Answer. [*See generally* 46.] Moving to amend forty days after receipt of the information forming the basis for amendment is not an undue delay. *See, e.g., McCain v. Taylor*, No. 09-cv-02982-LTB-KLM, 2010 WL 2521065, at *1 (D. Colo. June 17, 2010) (133 days not an undue delay); *see also Mock v. Allstate Ins. Co.,* 17-CV-02592-KLM, 2018 WL 6243912, at *3 (D. Colo. Aug. 31, 2018) (3 months not an undue delay). This is especially true here, where Allstate seeks leave to assert fraud—a defense subject to Rule 9's heightened pleading standard. Fed. R. Civ. P. 9(b). Therefore, the Court finds Allstate exercised diligent effort to obtain this information under the circumstances. There is good cause for extending the deadline to amend pleadings to allow for Allstate's amendment to assert a fraud defense.

**2.      Amendment under Rule 15(a)**

Plaintiffs' challenge Allstate's remaining fraud amendment on four bases: (a) untimeliness; (b) futility, (c) undue prejudice; and (d) bad faith and dilatory motive. [#50 at pp. 2-10.]

   **a. Untimeliness**

Having addressed the issue of timeliness above, the Court finds no undue delay. *See Dakota Station II Condominium Assoc., Inc. v. Auto-Owners Ins. Co.*, No. 14-cv-2839-RM-NYW, at *4 (D. Colo. Oct. 30, 2015) (declining to consider undue delay

---

[5] Neither party provides the Court with the exact date that Allstate became aware of Dr. Butler's findings. [*See* #50 at p. 3 (Plaintiffs' Response asserting Allstate received the car inspection results in July 2019 without any support for said assertion); *see also* [#52 at p. 2 (Allstate's Reply noting that the Butler Report is dated August 2, 2019).] The precise date appears to be somewhere between July 2019 and August 2, 2019.

argument under Rule 15(a) after finding good cause under Rule 16(b) to modify the scheduling order deadline for amendment of pleadings).

### b. Futility

A court may deny a motion for leave to amend as futile "when the proposed amended complaint would be subject to dismissal for any reason, including that the amendment would not survive a motion for summary judgment." *E.Spire Commc'ns, Inc. v. N.M. Pub. Regulation Comm'n*, 392 F.3d 1204, 1211 (10th Cir. 2004) (citation omitted). Plaintiffs' primary argument here is that the Butler Report would not pass scrutiny under *Daubert* and that it fails to meet Rule 9(b)'s heightened pleading standard. [*See* #50 at pp. 4-7, 8-10.]

On these arguments, the Court finds that judicial economy warrants this Court's restraint from a detailed futility analysis in the context of the instant motion. *Cf. Fuller v. REGS, LLC,* No. 10-cv-01209-WJM-CBS, 2011 WL 1235688, at *3 (D. Colo. Mar. 31, 2011) (the court was "guided by pragmatism and efficiency" in exercising its discretion to grant the motion to amend rather than apply futility analysis). The Supreme Court guides that "[t]he Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." *Conley v. Gibson*, 355 U.S. 41, 48 (1957). The liberal granting of motions for leave to amend reflects this basic principle and further courts' general policy that "pleadings should enable a [defense] to be heard on its merits." *Carr v. Hanley*, 2009 WL 4693870, *1 (D. Colo. Dec. 3, 2009)

(quoting *Calderon v. Kansas Dep't of Soc. & Rehab. Servs.*, 181 F.3d 1180, 1186 (10th Cir.1999)).

### c. Undue Prejudice

To the extent the Plaintiff argues undue prejudice, "[p]rejudice to the nonmoving party is the most important factor in considering whether amendment should be permitted." *Minter*, 451 F.3d at 1207. "Courts typically find prejudice only when the amendment unfairly affects the [opposing party] 'in terms of preparing [its] defense to the amendment.'" *Id.* at 1208 (quoting *Patton v. Guyer*, 443 F.2d 79, 86 (10th Cir. 1971)). "Most often, this occurs when the amended claims arise out of a subject matter different from what was set forth in the [original pleading] and raise significant new factual issues." *Id.* (citations omitted).

Here, Plaintiffs argue that they would be unduly prejudiced if the Court permits amendment for the following reason: "Defendant's proposed amendments will re-open the need for more discovery than had been requested in the parties' recent joint motion. If permitted, the subject relief will severely prejudice Plaintiff if Plaintiff is not permitted to adequately discover the basis of the amendment." [#50 at p. 4.]

Thus, any prejudice is easily cured by the Court allowing any necessary discovery related to the amendment. Moreover, engaging in discovery, by itself, is not prejudicial to a party; it is inherent in litigation. And since the proposed amendment appears to relate solely to the Butler Report findings and Plaintiff's own conduct, it is unclear what additional discovery Plaintiffs might need (and Plaintiffs are not specific) beyond a deposition of Dr.

Butler, possibly.[6] Also, the notion that additional discovery would not be permitted due to scheduling deadlines is unpersuasive. The case schedule may be modified for good cause; certainly, a newly asserted affirmative defense of fraud is good cause to allow limited additional discovery, if necessary. Fed. R. Civ. P 16(b)(4). Even Allstate concedes: "Plaintiffs will be permitted discovery into the factual issues, including the opinions of Dr. Butler." [#52 at p. 3.]

Trial in this case has not been scheduled and Allstate filed the Motion prior to the close of discovery. [#35.] For these reasons the Court does not find Plaintiffs will suffer undue prejudice.

### d. Bad Faith and Dilatory Motive

Plaintiffs argue the proposed amendment represents "gamesmanship" and a "baseless attempt to avoid" coverage under the Policy. [#50 at pp. 7-9.] In support of this argument they ask the Court to view the amendment "as an attempt to effectively remove a claim from this case[,]" and state that doing so would be dispositive to their claims. [*Id.* at pp. 7-8.] Indeed, as the Parties acknowledge, violation of a fraud clause voids the entire claim, not just the portion it pertains to. *See, e.g., Am. Diver's Supply & Manuf. Corp. v. Boltz*, 482 F.2d 795, 798 (10th Cir.1973) ("The penalty for attempted fraud in an insurance case where a fraud clause exists . . . is not simply forfeiture of the excess or inflated

---

[6] At the time of filing, the *Daubert* motions deadline and discovery cut-off deadlines had not passed, and no trial had been set. [*See* #35 (Order Granting #33 Motion for Extension of Time).] Since this Motion was fully briefed, discovery closed on January 20, 2020, Rule 702 Motions deadline passed on January 31, 2020, and the Dispositive Motions deadline passed on February 10, 2020 without either Party filing a motion for summary judgment. [*See* ## 56 and 59.] To date, no trial has been set, and Chief Judge Brimmer has not set the Trial Preparation Conference.

recovery amount but the voiding of all actual loss benefits as well."); *Northwestern Nat. Ins. Co. v. Barnhart*, 713 P.2d 1360 (Colo.App.1985) (affirming the trial court's directed verdict allowing the insurer to recover the entire amount paid, where the fraud clause was violated as a result of the insured admitting he "padded" his insurance claim).

But merely raising fraud as an affirmative defense is dispositive of nothing. Allstate must still carry its burden of proving its affirmative defense. *See Stewart Title Guar. Co. v. Williams*, No. 11-cv-02636-WJM-CBS, 2012 WL 5289515 at *6 (D. Colo. Oct. 25, 2012) (citing *W. Distrib. Co. v. Diodosio*, 841 P.2d 1053, 1057 (Colo. 1992) ("The burden of proving an affirmative defense rests upon the defendant asserting the defense.")). Allstate's choice to raise this affirmative defense (like an insured's decision to file a claim under their policy), without more, is not bad faith or dilatory. As discussed above, Allstate was diligent in investigating and now asserting its fraud defense. It did so only after receiving and reviewing the Butler Report.[7] Therefore, the Court finds no basis for concluding that the affirmative defense of fraud was brought in bad faith or with dilatory motive.

\* \* \*

For the reasons above, IT IS ORDERED that the Motion for Leave to Amend Answer to Add Affirmative Defense [#46] is GRANTED. Allstate may amend its answer to assert fraud as an affirmative defense and to assert the related factual allegations.

---

[7] For purposes of this Order, the Court finds that the Butler Report provides sufficient factual basis to preclude a finding of bad faith or dilatory motive. This finding does not bear on the sufficiency of the pleading, the validity of the scientific reasoning or methodology under Federal Rules of Evidence 702, or the merits of the affirmative defense.

IT IS FURTHER ORDERED that Defendant shall file a clean version of the Amended Answer and Counterclaims that complies with this Order within three business days.[8]

IT IS FURTHER ORDERED that a Telephonic Status Conference is set for Thursday, May 28, 2020 at 9:30 A.M. before Magistrate Judge S. Kato Crews. The Parties should be prepared to discuss any need for additional discovery in light of this Order. The Court will issue a restricted minute order with call in information prior to the Status Conference.

DATED: May 14, 2020

BY THE COURT:

S. Kato Crews
U.S. Magistrate Judge

---

[8] The Amended Answer shall not include the newly added statute of limitations defense or additional details on the total loss provision of the insurance policy. *See supra* note 4.